filed his bill in the district court, praying that the hereinbefore mentioned mortgage and the said judgment be declared void, as against him, as assignee, and that Baker be required to pay the value of the property taken by virtue of the same respectively. In that court, and, as I think, in conformity with views that have until recently been generally entertained upon the questions involved, the complainant had a decree for such value, from which the defendant, Baker, has appealed to this court.

1. As to the judgment confessed by the debtor, to indemnify the appellant against his endorsements and the hypothecation of his United States bonds, to procure discounts for the use of the debtor. As already suggested, there is no sufficient evidence that this transaction was not made by the appellant in perfect good faith, as an act of kindness to Fiegel, without any reason whatever to believe that the latter was insolvent. On the contrary, the proofs show that Baker then had confidence in the solvency of Fiegel, and was justified in that confidence. More than this, it is not shown that at that time Fiegel was not in fact solvent. It is impossible, I think, to say that either party contemplated any fraudulent preference, or any insolvency or fraud upon the bankrupt law. Nor did the decision below proceed upon any such ground. Before the execution was issued, there was reason to believe that Fiegel was insolvent. He was, no doubt, insolvent in fact; and, under the circumstances disclosed by the evidence, Baker had knowledge enough to make him apprehend such insolvency, if not believe it. The decision below proceeded on the ground, that the time to be taken at which to test the condition of the debtor and the knowledge of the creditor, is the time when the execution was issued which gave to Baker a lien upon the property seized thereon; and that then an advantage gained by Baker, with reasonable cause to believe his debtor was insolvent, was illegal and void. In Clark v. Iselin [21 Wall. (88 U. S.) 360] the supreme court of the United States have, at this present term, decided, (reversing the decision of the circuit court,) that, where a warrant of attorney is executed, authorizing the entry of a judgment, the validity of a judgment and levy made in pursuance thereof is to be tested by the condition of things existing when the warrant is executed and delivered, and, if such warrant is not invalid or impeachable, then the judgment and levy are valid, notwithstanding the debtor's insolvency, and knowledge thereof by the creditor, before such execution is issued. Indeed, that case goes one step further than is required

to sustain the execution and levy in this. There, the judgment itself was not entered until the insolvency of the debtor was apparent, and it was quite clear that such judgment, and the levy of an execution on the debtor's goods, must result in giving a preference to the judgment creditors over the other creditors of the debtor. I think conformity to that decision requires that this court sustain the validity of the judgment, execution, levy and sale in the present case.

2. As to the mortgage, I find no sufficient reason to doubt the correctness of the decision made in Re Leland [Case No. 8,234], that, where the holder of a chattel mortgage under the laws of New York omits to file his mortgage, or to take possession, and an assignee in bankruptcy of the mortgagor comes to the actual possession of the property, his title is unaffected by such outstanding mortgage; and that, as to him, the mortgage has no validity. This case is distinguished from that in two particulars—First, the property itself was sold and delivered with the express reservation of the right to resume the possession, expressed in the bill of sale; second, the vendor did, in fact, take possession before any other lien thereon was acquired, before the title of the assignee in bankruptcy, and, in fact, before any petition was filed. If the appellant be regarded simply as mortgagee, he took actual possession before any lien upon the property was acquired by any third person. Denio, J., in Van Heusen v. Radcliff, 17 N. Y. 580, in the court of appeals of New York, says, in reference to this statute: "When a conveyance is said to be void as against creditors, the reference is to such parties when clothed with their judgments and executions," &c. Hale v. Sweet, 40 N. Y. 97, and Doll v. Harlow [2 Hun, 659], in the supreme court of the second department (unreported), indicate that, in such case, the title of the mortgagee is regarded by the state courts as valid. How far it would be permitted to show fraud upon creditors, or the procurement of credit upon faith of the possession and apparent title, and hold such a mortgage void upon that ground, as to creditors who became such in reliance on the debtor's unincumbered title, it is not necessary here to inquire.

My conclusion is that the decree should be reversed, and the bill be dismissed, without costs.

## Case No. 4,763.

### FIELD v. BALTIMORE C. P. R. CO.